IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LAURA E. CLIMENT GARCÍA,

Plaintiff

v.                                                           CIVIL 09-1755 (JA)

AUTORIDAD DE TRANSPORTE
MARÍTIMO Y LAS ISLAS MUNICIPIO,
PUERTO RICO PORTS AUTHORITY,

Defendants

OPINION AND ORDER

This matter is before the court on motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e), filed by plaintiff, Laura E. Climent García, on November 2, 2010. (Docket No. 45.) The motion was opposed by defendant Puerto Rico Ports Authority ("PRPA") on November 2, 2010. (Docket No. 46.) For the reasons set forth below, plaintiff's motion is DENIED.

I. OVERVIEW

On August 4, 2009, the plaintiff filed a complaint alleging that the defendants discriminated against her because of her gender by not promoting her to positions that she was highly qualified for while less qualified men were hired for the positions, in violation of Title VII of the Civil Rights Act of 1964 and Puerto Rico Law 100 of June 30, 1959. (Docket No. 1.) On October 9, 2010, defendant PRPA filed a motion to dismiss PRPA as a defendant in this case. (Docket No. 35.) Defendant claims that no allegations were set forth in the complaint against PRPA.

CIVIL 09-1755 (JA)                                        2

(Id. at 6.) Defendant PRPA also alleges that co-defendant Autoridad de Transporte Marítimo y Las Islas Municipio ("ATM") and PRPA are two separate entities. (Id. at 7.) Opposition to PRPA's motion to dismiss was due from the plaintiff by October 25, 2010. On October 26, 2010, defendant PRPA filed a motion to deem the matter submitted, as no opposition was filed by the plaintiff to their motion to dismiss. (Docket No. 38.) On that same day, the plaintiff filed a motion for a twenty-day extension of time to reply to the motion to dismiss. (Docket No. 39.) The reason for the request was that the plaintiff was "in the process of gathering the evidence and information in order to make a truth worthy and responsible response and opposition." (Id. at 1, ¶ 2.) That same afternoon the defendant submitted a motion in opposition to the motion for an extension of time. (Docket No. 40.) The defendant argues that gathering evidence and other information is not necessary to oppose a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Rule 12(b)(6) motions challenge only the sufficiency of the complaint itself. (Id. at 1-2, ¶ 4.) The defendant also argues that any attempt to further explain the complaint should be seen as an improper attempt to modify the complaint and as a "tacit admission that the present complaint is insufficient and has to be dismissed." (Id. at 2, ¶ 6.) On October 29, 2010, this court granted the defendant's motion to deem the matter submitted and motion to dismiss while denying the plaintiff's motion for extension of time. (Docket Nos.

CIVIL 09-1755 (JA)                                    3

43, 44 & 42.)  On November 2, 2010, the plaintiff filed a motion for reconsideration of this court's decision to grant the defendant's motion to dismiss PRPA as a defendant.  (Docket No. 45.)  The plaintiff points to answers to the complaint as well as to interrogatories to argue that it can be inferred that PRPA is involved in most facets of the ferry service including administration, management and decision making.  (Id. at 3.) The defendant opposed the motion to reconsider arguing that the sole function of the court in considering a motion to dismiss is to determine whether the complaint is sufficient.  (Docket No. 46.) The defendant also argues that bringing the interrogatories to further explain a complaint is improper and goes against the standard of a Rule 12(b)(6) motion. (Id. at 2, ¶ 8.)  The defendant also argues that the plaintiff's motion to reconsider does not present any valid reasons for the court to reconsider its ruling.  (Id. at 3, ¶ 12.)

## II. ANALYSIS

A. GROUNDS FOR DISMISSAL

   "In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief.'" Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010) (quoting Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting

CIVIL 09-1755 (JA)                                        4


Bell Atl. Corp. Twombly, 550 U.S. at 559)).  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." S.E.C. v. Binette, 679 F. Supp. 2d 153, 158 (D. Mass. 2010) (citing Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008), cert. denied, 129 S. Ct. 2763 (2009)).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).  "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

On October 29, 2010, this court granted PRPA's unopposed motion to dismiss.  After a thorough review of the pleadings, I find that the plaintiff has not met her burden of bringing forth factual allegations to raise a right to relief above a speculative level.  In relevant part, the plaintiff alleges the following in the complaint:

> 5.   Plaintiff, Laura E. Climent García, was recruited as Office Worker No. 2 on October 8, 1993, by the Puerto Rico Ports Authority ("PRPA"), the predecessor of defendant, "Autoridad de Transporte Marítimo.

CIVIL 09-1755 (JA)                              5

. . .

7.   On May 1, 1995, she was promoted by the PRPA to Supervisor of Ferry Service No. 1. In that capacity she was to supervise the attendance of personnel, prepare reports on each employee and supervise the work area of the personnel in charge. She conducted this work in an admirable and excellent manner.

. . .

9.   On August 1, 1995, plaintiff Laura E. Climent requested to the PRPA that she be included in the register of eligible persons for the Supervisor of the Vessel No. 1 in the service of vessels from Fajardo in a permanent capacity.

10.   The October 27, 1995, interviews were called ("convocatorias") and conducted to cover two (2) positions for Supervisor of the Ferries No. 1, which showed that plaintiff Laura E. Climent García was an ideal candidate. Because of that, she was selected to occupy the position with the PRPA for the Maritime Bureau Service as Supervisor.

11.   On December 21, 1995, she was named by the PRPA to be Supervisor No. 1, Ferries Service, of the Maritime Bureau Service of Ferries from Fajardo, Vieques and Culebra. The position became effective on December 8, 1995.

. . .

13.   On December 3, 1999, Plaintiff requested from the PRPA that her name be included for the position of Administrative Auxiliary 1 in the service of ferries of Fajardo. In the letter that she sent, she advised that the retirement of a person holding that position would soon take place and that she was finishing her last semester at

CIVIL 09-1755 (JA)                                6

> the Interamerican University in Fajardo towards her Bachelor Degree and was eligible for it.
>
> . . .
>
> 15.   Through Law 1 of January 1, 2000, the "Autoridad de Transporte Marítimo" was created and the position of plaintiff and many others were transferred from the Puerto Rico Ports Authority to the "Autoridad de Transporte Marítimo."
>
> . . .
>
> 43.   Defendants [Puerto Rico Ports Authority and] "Autoridad de Transporte Marítimo" ha[ve] discriminated against plaintiff by not allowing her to be promoted to positions that she is clearly qualified for and promoting instead a man to those positions.

(Docket No. 1, at 2, 3, 4, 5, 13, 14.)

While viewing the complaint's pleadings as true, there is no conceivable or plausible claim based on the above allegations that PRPA engaged in discrimination against the plaintiff.  Nor is there any statement or reasonable inference suggested by the plaintiff that the two defendants were of one identity or acting in concert.  If anything, the complaint filed by the plaintiff tends to show that PRPA hired plaintiff and even promoted her during her tenure.  Also, all of the instances of discrimination alleged by the plaintiff occur after the creation of and her subsequent employment by defendant ATM.

The plaintiff also argues in her motion for reconsideration that from the answers to the complaint and interrogatories of defendant ATM, inferences can be

CIVIL 09-1755 (JA)                               7

made as to defendant PRPA's involvement in the alleged discrimination.  However, "[u]nder Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir.), cert. denied, 129 S. Ct. 500 (2008), (citing Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992)).  Even if the inferences do exist in the interrogatories offered by the plaintiff in the motion to reconsider, it would not be proper for the court to consider them at this stage in the proceeding.  Again, this is a motion to dismiss, not a summary judgment motion and the court need not and should not consider the interrogatories in making a ruling on a motion to dismiss.

The court also takes notice that this motion was unopposed by the plaintiff.  Although the motion was unopposed, "[i]f the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003).  The court takes this obligation very seriously and has in fact done a thorough review of this complaint.  I also note that the plaintiff did submit a belated motion

CIVIL 09-1755 (JA)                              8

for an extension of time to reply, citing a need for "gathering evidence and information in order to make a truth worthy and responsible response and opposition." At the motion to dismiss stage of a proceeding, there is no real need to gather any evidence and information. Everything needed will be found in the complaint itself.

I emphasize the importance of timely motions. The court is not obliged to accept motions that are not timely. "In the district court in Puerto Rico, failure to respond to a motion 'renders a party susceptible to involuntary dismissal, pursuant to Federal Rule of Civil Procedure] 41(b), for failure to prosecute.'" Id. at 40 (quoting Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 26 n.4 (1st Cir. 1994) (citing Local Rule 313.3 (D.P.R.)). It is not easy for me to see, from a legal standpoint, any reason why the plaintiff needed more time to respond to the defendant's motion to dismiss. The cited reason of the need to gather more information and evidence for a responsible opposition falls short at the motion to dismiss stage. Similarly, filing a timely motion for an extension of time is not a difficult hurdle for an attorney to clear.

B.  MOTION FOR RECONSIDERATION

Rule 59(e) allows a party to petition the court to alter or amend its judgment within 28 days of entry of said judgment. Fed. R. Civ. P. 59(e). Specifically, "Rule 59(e) allows a party to direct the district court's attention to

CIVIL 09-1755 (JA)                              9

newly discovered material evidence or a manifest error of law or fact . . . . " DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) (quoting Aybar v. Crispín-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)); see Meléndez v. Autogermana, Inc., No. 09-1804, 2010 WL 3958847, at *7 (1st Cir. Oct. 12, 2010); Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 146 n.2 (1st Cir. 2004).  The manifest error of law must be clearly established.  F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).  However, the rule does not allow a party to "advance arguments that could and should have been presented to the district court prior to judgment"; nor does it "provide a vehicle for a party to undo its own procedural failures." DiMarco-Zappa v. Cabanillas, 238 F.3d at 34 (quoting Aybar v. Crispín-Reyes, 118 F.3d at 16 (quoting Moro v. Shell Oil Co., 91 F.3d at 876).  Further, a motion under Rule 59(e) is inappropriate when used to present new evidence that is not "newly discovered."  Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d at 16). Finally, Rule 59(e) motions are not to be used by parties who simply disagree with a court's decision.  Jiménez v. Amgen Mfg. Ltd., 695 F. Supp. 2d 5, 7 (D.P.R. 2010).

   Plaintiff has not shown that the court has made a clearly established manifest error of law.  Nor is there any newly discovered evidence that the

CIVIL 09-1755 (JA)                              10

plaintiff can point to regarding the pleadings.  As discussed above, the plaintiff's attempt to include matters outside of the pleadings are not relevant for the purposes of a Rule 12(b)(6) motion and therefore can not be considered newly discovered evidence for the purposes of Federal Rule of Civil Procedure 59(e). The plaintiff relies on these interrogatories heavily as the basis of her motion to reconsider.  The above findings do not leave much for the court to reconsider.

### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion to reconsider is DENIED.

At San Juan, Puerto Rico, this 10th day of November, 2010.

                               S/ JUSTO ARENAS
                    Chief United States Magistrate Judge