**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**LAURA E. CLIMENT-GARCIA,**

**Plaintiff,**

**v.**

**AUTORIDAD DE TRANSPORTE MARITIMO Y LAS ISLAS MUNICIPIO, et al.,**

**Defendants.**

**Civil No. 09-1755 (GAG)**

**OPINION AND ORDER**

Laura E. Climent-Garcia ("Plaintiff") commenced this action against Autoridad de Transporte Maritimo y las Islas Muncipio ("Autoridad"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; Puerto Rico Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; and Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141.

Presently before the court is Chartis Insurance Company –Puerto Rico's ("Chartis") motion for summary judgment (Docket No. 98) and Plaintiff's opposition (Docket No. 101). After reviewing the parties submissions and pertinent law, the court **GRANTS** Chartis' motion for summary judgment at Docket No. 98.

## I. Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-

moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

## II. Discussion

Chartis claims it is entitled to summary judgment in its favor because the policy it issued to co-defendant Autoridad excludes coverage of Plaintiff's claims.

Under Puerto Rico law, the Insurance Code of Puerto Rico of Puerto Rico, P.R. Laws Ann. tit. 26, §§ 101, *et seq.*, controls the interpretation of insurance contracts. Melendez Pinero v. Levitt & Sons of Puerto Rico, Inc., 1991 P.R. -Eng. 735, 848 (Dec. 13, 1991), 129 D.P.R. 521 (1991). Article 11.250 of the Insurance Code of Puerto Rico provides that every insurance contract "shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached and made a part of the policy." P.R. Laws Ann. tit. 26, § 1125.

Chartis issued a "Not-for-Profit Individual and Organization Insurance Policy, Including Employment Practices Liability Insurance" (the "Policy") to co-defendant Autoridad for the policy

period of August 20, 2007 to August 20, 2008. (See Docket No. 98-1 at 4 ¶ 8.)[1] The Policy is a Claims-made policy. (See id.) The Policy's Insuring Agreement, provides that the Policy "shall pay on behalf of the Organization Loss arising from a Claim first made against the Organization during the Policy Period (if applicable) and reported to the Insurer pursuant tot he terms of this policy for any actual or alleged Wrongful Act of the Organization." (See Docket Nos. 98-1 at 4 ¶ 9; 98-3 at 3.) The Policy defines "Wrongful Act," with respect to an Employment Practices Claim, to include any actual or alleged Employment Practices Violation. (See Docket Nos. 98-1 at 4 ¶¶ 10-11; 98-3 at 8.) Employment Practices Violation includes claims alleging gender discrimination. (See Docket No. 98-1 at 4 ¶ 12; 98-3 at 5 ¶ 2(g)(3).)

The Policy contains an endorsement of Prior Acts Exclusion, which reads,

> In consideration of the premium charged, it is hereby understood and agreed that this policy only provides coverage for Loss(es) arising out of claim(s) for alleged Wrongful Act(s) occurring on or after **August 20, 2005**, and prior to the end of the Policy Period and otherwise covered by this policy.
>
> Loss(es) arising out of the same or related Wrongful Act(s) shall be deemed to arise from the first such same or related Wrongful Act.

(See Docket Nos. 98-1 at 6 ¶ 14; 98-3 at 19) (emphasis in originals).

The terms of the Policy define "Related Wrongful Acts" as, "Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts. Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action." (See Docket Nos. 98-1 at 6 ¶ 13; 98-3 at 7.)

In the present case, Plaintiff claims she was subjected to discriminatory treatment by Autoridad due to her gender. Plaintiff's claims are based on being passed up for positions and/or promotions within Autoridad in 2002, 2004, and again in 2007. (See Docket No. 79 ¶¶ 22, 24, 29-

---

[1] Local Rule 56(c) requires a party opposing a motion for summary judgment submit with its opposition a separate statement of material facts admitting, denying or qualifying the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Any facts supported by citation to record evidence and not properly controverted as described by Local Rule 56 are deemed admitted. Local Rule 56(e). Because Plaintiff's uncontested material facts (Docket No. 102) fails to follow Local Rule 56(c), the court deems Chartis' statement of uncontested facts (Docket No. 98-1) to be admitted.

30, 31-34.) Although the Policy does provide coverage for claims of gender discrimination in employment practice, these must have occurred after August 20, 2005 in order for the Policy's coverage to apply. Pursuant to Plaintiff, the alleged discriminatory actions began in 2002 and continued until 2007. According to the Policy's Prior Acts Exclusion, all Related Wrongful Acts are deemed to have risen from the first one. The first Wrongful Act in the present case dates back to 2002. Consequently, Plaintiff's claims against Autoridad are not covered under the Policy do to the Policy's Prior Acts Exclusion and Chartis is entitled to summary judgment in its favor.

## III. Conclusion

For the reasons set forth above, the court **GRANTS** Chartis' motion for summary judgment (Docket No. 98).

**SO ORDERED**.

In San Juan, Puerto Rico this 11th day of April, 2012.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge