IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LAURA E. CLIMENT GARCÍA,

    Plaintiff,

v.

AUTORIDAD DE TRANSPORTE
MARÍTIMO Y LAS ISLAS MUNICIPIO,

    Defendant.

Civil No. 09-1755 (BJM)

## OPINION AND ORDER

After a final judgment by the Court of Appeals affirming this court's decision in favor of plaintiff Laura E. Climent García and against defendant Autoridad de Transporte Marítimo y Las Islas Municipio ("ATM") (Docket No. 156), plaintiff filed motions for attorneys' fees. Docket Nos. 185-88. She seeks fees for 628.74 hours of work for two attorneys, pursuant to 42 U.S.C. § 2000e *et seq.*. *Id.* Defendant has not opposed. The parties have consented to proceed before a magistrate judge. Docket Nos. 26-29.

In light of the findings of fact and legal discussion set forth below, the motions for attorneys' fees are **GRANTED**. Plaintiff is awarded **$89,568.60** in attorneys' fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this case against defendant, claiming violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the corresponding Puerto Rico law, 29 L.P.R.A. §§ 146 *et seq.*; and Puerto Rico tort law, 31 L.P.R.A. § 5141. Docket No. 1, at 13-15. She alleged several failures to promote her on the basis of sex. *Id.*

The court entered judgment in her favor (Docket No. 156), in accordance with the jury verdict (Docket No. 153). Defendant appealed the decision. Docket No. 171. The Court of Appeals then affirmed this court's decision. Docket Nos. 183-84. Plaintiff re-filed her original motion for attorney's fees (Docket No. 161) plus an addendum listing additional services rendered by attorney Jorge L. Guerrero-Calderón ("Guerrero"). Docket

Climent García v. Autoridad de Transporte Marítimo y Las Islas Municipio, Civil No. 09-1755 (BJM)                2

Nos. 186, 187. She filed an amended motion for attorney's fees for attorney Francisco M. Troncoso-Cortes ("Troncoso"). Docket No. 188. Plaintiff seeks fees for 343.99 hours of work by attorney Guerrero, and 284.75 hours of work by attorney Troncoso.

## DISCUSSION

Plaintiff seeks attorneys' fees as the prevailing party in this case. The applicable attorney's fee section of the relevant subchapter of the United States Code is § 2000e-5(k), which states:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorneys' fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

§ 2000e-5(k).

When determining the proper amount of attorney's fees, the lodestar method is used to calculate reasonable fees under § 2000e-5(k). *See Burney v. City of Pawtucket*, 728 F.2d 547, 549-50 (1st Cir. 1984) (affirming attorney's fees calculated via lodestar method in a sex discrimination case under § 2000e). The court must "ascertain the number of hours productively expended and multiply that time by reasonable hourly rates." *Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). It does so by adding up the time counsel spent on the case, subtracting "'duplicative, unproductive, or excessive hours,'" and applying the prevailing hourly billing rate in the community. *Id.* (quoting *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001)).

The party seeking the award bears the burden of establishing both the time expended and the reasonable hourly rates to be applied. *Id.* "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel." *Id.* The court may also rely upon its own knowledge of attorneys' fees in the community in reaching its determination. *See Rodríguez v. Int'l Coll. of Bus. &*

Climent García v. Autoridad de Transporte Marítimo y Las Islas Municipio, Civil No. 09-1755 (BJM)      3

*Tech., Inc.*, 356 F. Supp. 2d 92, 96 (D.P.R. 2005) (citing *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)).

The calculated lodestar amount is presumptively reasonable, but the court may also adjust the fee upward or downward in view of the "results obtained." *Spooner*, 644 F.3d at 68. In addition, where documentation of hours is inadequate, district courts may reduce awards accordingly. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In sum, district courts have broad discretion in setting fees. *See Maceira v. Pagan*, 698 F.2d 38, 39 (1st Cir. 1983). To determine the reasonableness of these fees, I will consider hourly rates, number of hours, and billing recordkeeping in turn.

**I.     Fee Entitlement**

Before determining the award amount, the court must confirm that the plaintiff seeking fees is in fact a prevailing party. A plaintiff is considered a prevailing party for attorney's fees purposes if he or she succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal citations and quotation marks omitted). The plaintiff here received a favorable judgment and a damages award of $291,500.00 (Docket No. 156, at 1). She had originally sought $1,250,000.00 in total damages (Docket No. 1, at 13-15). Considering that she succeeded against the defendant in litigation and was awarded damages, I find that she is a prevailing party. I turn, then, to the determination of a reasonable fee amount.

**II.    Attorneys' Fees under 42 U.S.C. § 2000e-5**

Plaintiff seeks fees for 628.74 hours of work by two attorneys. Defendant does not oppose.

**A.  Hourly Rates**

Plaintiff did not submit hourly rates or total fee amounts for either of her attorneys. Instead, she submitted resumes describing their credentials. Docket Nos. 186-3, at 1-3, 188-2, at 1-3. Attorney Guerrero is admitted to practice law before this court (since 1972), the First Circuit Court of Appeals (since 1973), and the United States Supreme Court (since

Climent García v. Autoridad de Transporte Marítimo y Las Islas Municipio, Civil No. 09-1755 (BJM)  4

1975). Docket No. 186-3, at 1. He has an L.L.M. from New York University School of Law. *Id.* His total years of active work experience are not listed. Attorney Troncoso is admitted to practice law before this court (since 1974) and the First Circuit Court of Appeals (since 1975). Docket No. 188-2, at 1. He has an L.L.M. from McGill University School of Law. *Id.* He has been in active practice since 1975. *Id.*

As plaintiff did not supply information regarding prevailing market rates for these attorneys, I will look to community rates for similar work. "Hourly rates in recent civil-rights cases in this District have generally ranged from $100-$250 for in-court work, and from $90-$225 for out-of-court time." *Cortes-Reyes v. Salas-Quintana*, 806 F. Supp. 2d 470, 476 (D.P.R. 2011) (citing *Rosario-Urdaz v. Rivera-Hernandez*, 451 F. Supp. 2d 305, 309-10 (D.P.R. 2006) (discussing hourly rates awarded in civil-rights cases)). In *Cortes-Reyes*, an attorney who had over 37 years of experience practicing before this court and extensive specialized experience in civil-rights litigation was granted an out-of-court hourly rate of $200, and an in-court rate of $250. *Id.* Both attorneys in this case have around 30 years of legal experience, extensive litigation experience, and advanced legal degrees, but they do not appear to have specialized experience in civil-rights cases, so they will each be assigned comparable but slightly lower hourly rates of $175 for out-of-court time and $200 for in-court time.

### B. Number of Hours

Plaintiff seeks fees for 343.99 hours of work by attorney Guerrero, and 284.75 hours of work by attorney Troncoso.

As another component of the lodestar calculation, the number of hours can be reduced to account for excessive hours. *See Spooner*, 644 F.3d at 68. Examples of such excesses include spending fifteen minutes reading a single-sentence order, or spending ninety minutes reading short motions and replies. *See Cortes-Reyes*, 806 F. Supp. 2d at 477.

After reviewing five years of time entries for each attorney, I notice inflated time entries by Guerrero. Many entries list 20-30 minutes of time to "study and review" short and straightforward orders by the court regarding court dates, time extensions, notices of appearance, etc. Docket Nos. 186-2, at 1-17, 186-4, at 1-10. Several entries show the same amount of time (thirty minutes) spent reviewing a one-sentence order (Docket No. 92), a one-page order (Docket No. 93), and a seven-page motion (Docket No. 94). Docket No. 186-2, at 10. Two hours of time were reported for both review of a one-sentence order (Docket No. 130), and review of a two-page motion (Docket No. 133). Docket No. 186-2, at 15. Such irregularities are dispersed throughout.

Troncoso's time entries show similar inflation. He reported, for example, fifteen minutes reading a two-page notice (Docket No. 4) but 30 minutes reading a two-page motion (Docket No. 5) plus a one-sentence order (Docket No. 6). Docket No. 188-1, at 2. Two and a half hours were reportedly spent reading a two-sentence order (Docket No. 14). *Id.* at 3. One hour and fifteen minutes were reportedly spent reading two sentences (Docket Nos. 19, 20). *Id.* at 4. Many entries list thirty minutes reading one- or two-sentence orders.

Troncoso includes time for work on the appellate portion of this case, which is an accepted practice in the First Circuit. *See Rodriguez-Garcia v. Mun. of Caguas*, 787 F. Supp. 2d 135, 141 (D.P.R. 2011) ("[T]he First Circuit has generally held that the district court has the power to award reasonable attorney's fees for work performed in the court of appeals in the context of federal fee-shifting statutes.") (citation omitted).

Considering the excessive hours reported by both attorneys, a reduction in their total hours is warranted. As the inflated entries are scattered throughout five years of records, and the inflation of hours varies, the number of hours will be reduced by an across-the-board percentage. Hour-by-hour analyses of fee requests are not required, as they are considered "unduly burdensome," especially in the context of voluminous time records. *Jacobs v. Mancuso*, 825 F.2d 559, 562 (1st Cir. 1987). Instead, "[a] percentage reduction of fees may be appropriate in response to practices that tend to inflate hours across the

board . . . or where the fee request is so lengthy as to make an hour-by-hour review impracticable." *Diffenderfer v. Gomez-Colon*, 606 F. Supp. 2d 222, 230-31 (D.P.R. 2009) (citations omitted). A 20% reduction has been applied in similar situations. *Id.* at 229 (applying 20% reduction where over fifty menial items were billed at quarter-hour increments); *Rodriguez-Garcia*, 787 F. Supp. 2d at 143 (applying 20% reduction for over sixty instances where a quarter-hour, half-hour, or full hour was billed for reading line orders, and other short orders or motions). In light of these adjustments, I will reduce the total attorneys' fees claimed by 20%.

### C. Recordkeeping

Further reductions to the lodestar amount may be made for inadequate recordkeeping, such as vague entries. *See Hensley*, 461 U.S. at 433. However, in this case most entries are very specific as to which task or document they relate to, even including docket numbers in Guerrero's entries. Entries list dates and time spent for each task, and are reasonably descriptive. Accordingly, I do not find it necessary to reduce the lodestar amount further for vagueness in counsels' time records.

### D. Summary

In sum, the court finds the following award to be reasonable:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Guerrero | 304.49 out of court, 39.50 in court | $175.00 out of court, $200.00 in court | $53,285.75 out of court, $7,900.00 in court |
| Troncoso | 247.00 out of court, 37.75 in court | $175.00 out of court, $200.00 in court | $43,225.00 out of court, $7,550.00 in court |
| | | | Total fees: $111,960.75 |
| | | | Reduction by 20%: -$22,392.15 |

|  |
|---|
| Lodestar total: $89,568.60 |

## CONCLUSION

For the foregoing reasons, the motion is **GRANTED**. Plaintiff is awarded **$89,568.60** in attorneys' fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of July, 2014.

                                        *S/Bruce J. McGiverin*
                                        BRUCE J. MCGIVERIN
                                        United States Magistrate Judge